[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2006
THOMAS  K. KAHN
CLERK

_____

No. 05-13197
Non-Argument Calendar

_____

Agency No. A96-114-074

ZAFAR IQBAL PIRZADA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 24, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Zafar Iqbal Pirzada petitions us to review the final order of the Board of

Immigration Appeals that affirmed and adopted the decision of the Immigration Judge that denied Pirzada's motion to continue his removal proceeding pending his request for labor certification. We deny Pirzada's petition.

Pirzada legally entered the United States on September 29, 2000, as a non-immigrant visitor but overstayed his visa, which expired on March 28, 2001. Pirzada filed an application for a labor certification on April 27, 2001. Sometime before March 21, 2003, Pirzada registered, as required, with the National Security Entry-Exit Registration System (NSEERS). See 67 Fed. Reg. 77136 (Dec. 16, 2002). The INS initiated removal proceedings against Pirzada by serving him with a Notice to Appear on March 12, 2003.

Pirzada moved to continue his removal proceedings on the ground that he would be able to adjust his temporary alien status to permanent resident status upon the grant of his pending labor certification and issuance of his immigrant visa, see 8 U.S.C. § 1255(i)(1), (2), but in a collective order that applied to several cases involving this same issue, the IJ denied Pirzada's motion for a continuation of removal proceedings on September 25, 2003. The BIA affirmed the decision of the IJ on May 10, 2005, and Pirzada filed this petition.

Pirzada argues that his removal proceedings should have been continued until the Department of Labor processed his application for labor certification, a

prerequisite to obtaining the immigrant visa that Pirzada needed to be eligible for adjustment in status. See 8 U.S.C. § 1182(a)(5); Zafar v. United States Atty Gen., 426 F.3d 1330, 1135-36 (11th Cir. 2005). Pirzada argues that, by denying the continuance, the IJ and BIA (1) abused their discretion because Pirzada's application for labor certification was timely under the statute, (2) committed legal error because various precedents suggested a different result, (3) violated section 245 of the INA because Pirzada was within a class of persons protected by the statute, (4) violated Pirzada's right to due process because removal would prevent adjustment to Pirzada's status, (5) violated Pirzada's expectation interest and various agency and public policies that suggested the result in Pirzada's case was abnormal, (6) and violated Pirzada's right to equal protection because non-Pakistanis were not subject to NSEERS and Pirzada was targeted for removal only because he complied with the NSEERS special registration requirements, and because IJs in jurisdictions other than Atlanta routinely closed similar proceedings.

These arguments are foreclosed by our decision in Zafar, 426 F.3d 1330, a case of identical legal issues and virtually identical facts. Although Pirzada, through the same counsel of record in Zafar, argues that we wrongly decided Zafar, "only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." United States v. Marte, 356 F.3d 1336, 1344 (11th Cir.

2004).  Based on <u>Zafar</u>, the IJ and BIA did not abuse their discretion in denying Pirzada's motion for a continuance.  **PETITION DENIED.**